IT IS ORDERED

Date Entered on Docket: July 21, 2020



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:
PERCY TEX DAWES
ELLA MAE DAWES

      Debtors.                        Case No. 7-20-10649-TF

### DEFAULT ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY LOCATED AT 19 COUNTY ROAD 5582 3013 G, FARMINGTON, NEW MEXICO 87401

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property filed on May 22, 2020, (Docket No. 12) (the "**Motion**") by NewRez LLC dba Shellpoint Mortgage Servicing ("**Creditor**"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On May 22, 2020, Creditor served the Motion and a Notice of Deadline for Objecting to the Motion (Docket No. 13)(the "**Notice**") on Kemp S Lewis, Attorney for Debtors and Edward Alexander Mazel, (the "**Trustee**") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1.

    (b)    The Motion relates to the property located at 19 County Road 5582 3013 G, Farmington, New Mexico 87401, more fully described as a 1998 Masterpiece Housing Model 2368

28X64 Serial Number: MP 15 5440 including any and all improvements, fixtures, and attachments. The collateral is located at 19 County Road 5582 3013 G, Farmington, New Mexico 87401. (the "**Property**").

(c) The Notice provided for an objection deadline of 21 days from service of the Notice;

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on June 15, 2020;

(f) As of June 15, 2020, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered. The Debtors can be named as defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Creditor's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Creditor may file an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Creditor is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By /s/ Michael D. Mazur
MICHAEL D. MAZUR
Attorney for Creditor
7430 Washington Street, NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Michael.Mazur@roselbrand.com

Copied to:

Kemp S Lewis
Attorney for Debtors
3005 Northridge Dr Ste H
Farmington, NM 87401-2085
Telephone: 505-326-7391
kemp@lewislawpc.com

Edward Alexander Mazel
Chapter 7 Trustee
1122 Central Ave. S.W. Suite 1
Albuquerque, NM 87102
Telephone: (505) 433-3097